HMK/mhb FS 7933

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MAN FERROSTAAL, INC.,

                Plaintiff,

    -against-

M/V OCEANTHI, her engines, boilers, tackle,
etc., SPECIAL MARITIME ENTERPRISE (ENE),
JD POLEMIS SHIPPING CORP., HYUNDAI
MERCHANT MARINE CO., LTD.,

                Defendants.
-------------------------------------------------------X

07 CV 8607 (RMB)
ECF CASE

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OR REARGUMENT OF ORDER OF DISCONTINUANCE DATED JUNE 25, 2008

On June 25, 2008, plaintiff's attorney wrote to the Court on behalf of plaintiff and defendants to the captioned action to advise that, as a result of the settlement conference held before Magistrate Judge Francis on June 9, 2008, the terms of a settlement agreement had been reached. The June 25th letter read, as follows:

> "We represent the plaintiff in the above captioned matter, and are pleased to report that the parties have agreed to the terms of a settlement of this case following the conference with Magistrate Judge Francis, who has been advised.
>
> Defendants' attorney, copied below, joins in our request that the conference before Your Honor on June 26 at 9:15 a.m. be adjourned *sine die* as we await the settlement to be consummated by payment of the settlement amount."

On the same day, the Court issued an Order of Discontinuance that stated:

> "Based upon the parties' letter, dated June 25, 2008, indicating that the parties have reached a settlement agreement, it is hereby
>
> **ORDERED**, that the above-entitled action be, and the same hereby is, discontinued, and the conference scheduled for June 26, 2008 is adjourned."

The Order of Discontinuance must be withdrawn, or be amended to be made conditional upon payment of the settlement amount or be reopened, as it did not provide for the continuing jurisdiction of this Court over the consummation of the settlement agreement reached by the parties. No money or releases have been exchanged, to date, on this settlement agreement.

## ARGUMENT

### 1. Rule 41(b) dismissal is with prejudice:

Plaintiff's attorney did not request a voluntary dismissal of the action under Rule 41(a), F.R.Civ.P. in the June 25 letter. Thus, the Order of Discontinuance was made under Rule 41(b) as an involuntary dismissal with prejudice, thus ending the case.

> "(b) Involuntary Dismissal: Effect Thereof. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision <u>and any dismissal not provided for in this rule . . . operates as an adjudication upon the merits</u>." [emphasis added]

2

Plaintiff's attorney's letter of June 25 only requested that the court conference scheduled for the next day, June 26, be adjourned *sine die* in view of the settlement agreement, which had only been confirmed by Magistrate Judge Francis on the morning of June 25, after the parties' respective attorneys had separately and confidentially advised Magistrate Francis's chambers on June 23 of their clients' approval of the Magistrate Judge's recommended settlement from the June 9 settlement conference. The settlement conference on June 9 with the Magistrate Judge was not attended by representatives of the parties, but only by counsel.

**2. Jurisdiction over settlement agreements is lost after dismissal with prejudice:**

No independent basis for federal court jurisdiction exists over unfulfilled settlement agreements. The U.S. Supreme Court held in Swift & Co. v. Compania Colombiana, 339 U.S. 684, at 690 (1949), that "a court of admiralty will not enforce an independent equitable claim merely because it pertains to maritime property." And see, McCall-Bey v. Franzen, 777 F.2d 1178 (7th Cir. 1985).

> "In emphasizing that unless jurisdiction is retained the settlement agreement requires an independent basis of federal jurisdiction in order to be enforceable in federal rather than state court, we wish to make clear that we are not suggesting that such agreements are not enforceable. The issue of concern here is whether a settlement agreement is enforceable in federal district

>court without an independent jurisdictional basis;
>enforceable, that is, as if the district judge had
>retained jurisdiction to enforce it, whether or not he
>did so." *Id.* at 1187.

The Second Circuit Court of Appeals in, <u>Fednav, Ltd. v. Isoramar, S.A.</u>, 925 F.2d 599 (1991), affirmed the judgment of the district court in dismissing for lack of subject matter jurisdiction Fednav's complaint to collect a settlement contribution from Isoramar involving a settled maritime cargo damage claim.

The defendant in <u>Fednav</u>, *Id.*, Isoramar, was a non-party to the underlying cargo damage action and settlement agreement, and <u>Fednav</u> is thus factually distinguishable from the instant action, but the legal analysis of the court's jurisdiction is analogous. The Second Circuit did cite favorably to the case, <u>Pedersen v. M/V Ocean Leader</u>, 578 F. Supp. 1534, 1535 (WD WA 1984), in stating that, "the admiralty court should not abandon the parties by refusing to enforce such a compromise disposition." *Id.* at 602.

However, once a case is dismissed with prejudice without the court specifically retaining jurisdiction to enforce the settlement agreement, then the jurisdictional underpinnings to enforcement of the settlement agreement, even if arising from the maritime claim over which the federal court did have jurisdiction, is at least questionable.

Here, the Order of Discontinuance dated June 25, 2008, is final with prejudice by operation of Rule 41(b), with no provision for retaining jurisdiction to reopen the matter if settlement is not consummated.

Plaintiff submits that the Court overlooked the fact that plaintiff did not request a voluntary dismissal under Rule 41(a), but was merely advising the Court that a settlement agreement had been made and thus, requested the next court conference be adjourned *sine die*. The Court's Order of Discontinuance did adjourn the conference, but overlooked the law as to such dismissals with the effect of depriving the Court of jurisdiction to enforce the settlement agreement that arose from the case over which the Court did have jurisdiction.

## CONCLUSION

Plaintiff respectfully requests that its motion for reconsideration and reargument be granted to the extent that the Order of Discontinuance dated June 25, 2008, be withdrawn, or be amended to be conditional upon payment of the settlement amount agreed to as a result of the Magistrate Judge's recommendation, so that the plaintiff can reopen this action if the settlement amount is not paid; and for such other and further relief as the Court deems just and proper.

Dated:   June 30, 2008

Respectfully Submitted,

KINGSLEY, KINGSLEY & CALKINS
Attorneys for Plaintiff

BY: _____
Steven P. Calkins
91 West Cherry Street
Hicksville, N.Y. 11801
(516) 931-0064

5